Pearson, J.
 

 This is troverfor three single bonds. The plaintiff’s intestate owned the bonds. One was payable to him or
 
 bearer;
 
 the others were payahle to him. The intestate delivered the bonds to his son, John McLean, saying, “ I give these to you and your children forever.”' The son died soon after his father, having the bonds in his possession, and the defendant, who is his widow, took them into her possession and converted them.
 

 His Honor charged that the gift was perfected by the delivery: The right thereby vested in the son, and the plaintiff could not recover. To this part of the charge the plaintiff excepts. We think the exception well founded, as to the bonds payable to the plaintiff’s intestate. The plaintiff yields the question, as to the bond payable to his intestate or bearer.
 

 By the act of 1786, the bonds payable to the plaintiff’s intestate are considered as if payable to him
 
 or order:
 
 and it is provided that all such bonds shall be negotiable ; and all interest and
 
 property
 
 therein shall be transferable by endorsement in the same manner as promisso
 
 *159
 
 ry notes ; and, by the act of 1762, promissory notes arc made assignable in the same manner as inland bills of exchange are by the custom of merchants in England ; and inland bills of exchange payable to
 
 order,
 
 are, by the law-merchant, assignable by endorsement and delivery.
 
 Baihj on Bills
 
 98.
 

 The result is, that the two bonds in controversy were negotiable by endorsement and delivery. In that way, and in that way only, can the right of property be transferred. Both acts must concur. An endorsement, without a delivery will not effect the transfer.
 
 Nelson
 
 v.
 
 Nelson,
 
 6 Ired. Eq. 409. And for the same reasons the tranfer is not perfected by delivery without endorse • ment.
 

 At common law, a note or bond was not considered property. It was not the subject of larceny, [t could not be seized upon a
 
 fieri facias
 
 — nor could it be transferred in any way. It was a mere “ chose in action,” an ideal thing — giving certain right to the owner — and although Courts of Equity, from an early period, have given protection to persons, who, for valuable consideration, purchased this ideal thing, or right to have money, Courts of law have never recognised a third person as being the owner, unless the interest and property therein have been transferred in the manner prescribed by the statute.
 

 It is said, that by allowing the action of trover to be brought for the conversion of notes and bonds, the Courts recognise them as property. That is true to a certain extent: but, although recognised as property,
 
 non con-stat,
 
 that bonds and notes may be transferred in any other than the mode prescribed by law. Slaves are property ; but slaves can only be transferred by gift in the manner prescribed by law.
 

 There must be a
 
 venire de novo.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.