Enlow, the obligor in the bond, stated that it belonged to the plaintiff's intestate, and the instruction prayed by the (433) defendant admits the equitable right to it to be in the intestate, and therefore it is to be assumed that the intestate was the equitable assignee of the bond without an endorsement to him. But admitting these facts, it is still true that the intestate had no such ownership or interest in the bond as can be recognized at law so as to enable him to bring trover or any other action, because the property in a bond can only be transferred in the manner prescribed by the statute. Fairley v. McLean,33 N.C. 158. That being so, and there having been no contract between the intestate or the plaintiff with the defendant respecting the bond, the defendant has done no such legal wrong to the possession of the plaintiff or to his right of property as will sustain the action. Therefore, I agree with my brother NASH that there must be a
PER CURIAM. Venire de novo. *Page 297 
(434)